## JOHN WINDHAM v. THE STATE.

### No. 3420.  Decided February 10, 1915.

**1.—Murder—Negligent Homicide.**

Where defendant was tried for murder and was found guilty of negligent homicide, the fact that the court submitted the issue of murder did not present reversible error.

**2.—Same—Accidental Homicide—Negligent Homicide.**

Where, upon trial of murder and a conviction of negligent homicide, there was evidence of defendant's negligence and carelessness, the court properly submitted the issue of negligent homicide; besides, he also submitted the issue of accidental homicide, and there was no error.

**3.—Same—Charge of Court—Requested Charges.**

Where defendant was convicted of negligent homicide under a proper charge of the court, and the requested charges in so far as they presented the law were covered by the court's main charge, there was no error in the court's refusal to submit a special charge for a peremptory acquittal.

Appeal from the District Court of Nacogdoches.  Tried below before the Hon. L. D. Guinn.

Appeal from a conviction of negligent homicide in the second degree; penalty, a fine of $1000 and twelve months confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with murder; when tried he was convicted of negligent homicide of the second degree and his punishment assessed at twelve months imprisonment in the county jail, and a fine of one thousand dollars.

The State's evidence would have authorized a finding that appellant and deceased engaged in gambling some two or three weeks before the homicide, and that deceased won a pistol from appellant on that occasion; that a few days before deceased was killed they met at Sacul, and appellant asked what he had done with the gun, and when deceased replied it had been torn up, appellant told him he had to get it.  Deceased replied he could not get it as he had thrown it away, when appellant said, "I am coming down there tonight after you."  This was introduced to show ill-will, animus and motive.  The evidence further shows that on the day of the killing appellant and Henry Ward, who had been hunting, went to the home of deceased's father and took dinner with

the family; that the guns of appellant and Ward were unloaded by James Jenkins, a brother of deceased. It further appears that deceased left and went to work, and shortly thereafter appellant, Henry Ward and James Jenkins went to a house near where deceased was at work. James Jenkins testifies that appellant reloaded his gun while on the way to this house. When they were all at this house deceased came up to the house, and upon entering the house appellant raised his gun and said, "Stop, if you take another step I will kill you," deceased replying, "You will have it to do," when the gun fired, both barrels being discharged. The shot entered the neck, severing the windpipe, and caused the death of the deceased.

Appellant insisted that this testimony did not raise the issue of murder, and excepted to the charge as a whole, and to each paragraph thereof on the issue of murder,—not that the charge on murder, or any paragraph thereof was erroneous, if a charge on murder was authorized, but only that such a charge was unauthorized under the testimony. We do not think the court erred, under the above state of case, in overruling such exceptions. Again, as appellant was only found guilty of negligent homicide, if the evidence did not call for such a charge, the fact that the court submitted the issue of murder would not present reversible error.

The defendant's testimony presents the theory that he and Henry Ward had been hunting, and stopped at deceased's father's for dinner; that James Jenkins did unload the guns, and he says he never reloaded his gun, and did not know it had been reloaded; that he, Henry Ward and James Jenkins did go to the house near where deceased was at work, and while there he says he, Henry Ward and George Ward were playing with the guns, "just pranking with each other." Defendant testifies: "I didn't intend to kill Jeff when I threw the gun up. As to how come me to shoot him, I didn't know the gun was loaded. I had been pranking with the gun just before that; had snapped it, and had been playing with it, and did not know it was loaded when I pulled the trigger." The testimony for the defendant would show that as he raised the gun he said: "Hold up there; if you don't I am going to shoot you," when deceased replied, "Well, you will just have to shoot." That they were all laughing and talking.

Appellant also excepted to the charge for submitting the issues of negligent homicide in the first and second degrees—not that there was error in the charge as drawn, but it was improper to authorize the jury to find the defendant guilty of negligent homicide, for he contends that this evidence only presented accidental homicide.

If the jury believed under all the testimony that defendant had reloaded the gun, and knew it was loaded when he threw the gun on deceased and said, "Hold up there; if you don't I am going to shoot you," and by his negligence and carelessness the gun was discharged, even though it was not his intention to shoot it, the issue of negligent

homicide would be presented, and the court did not err in submitting the issue to the jury.

Of course the defendant also had the right, under his theory of the case, to have the issue of accidental homicide submitted, and this the court did submit in the following language:

"If you have a reasonable doubt as to whether the killing was accidental or not, you will give the defendant the benefit of such doubt and acquit him.

"If you believe that the defendant killed the deceased, but have a reasonable doubt as to whether or not he intended to kill him, or whether the defendant knew at the time that he drew the gun on the deceased, if he did so, that the gun was loaded, or that the gun was cocked, you will give the defendant the benefit of such doubt and acquit him."

In the transcript there are no exceptions reserved to the introduction of any testimony, and in the exceptions to the charge, the only exception other than the court erred in submitting the issues of murder and negligent homicide, is an exception contending that the court did not submit the issue of accidental homicide affirmatively. The above excerpt from the charge shows this ground not to be well taken. There were four special charges requested, the first two requesting peremptory instructions of not guilty. The court did not err in refusing to give such instructions. The other two special charges in so far as they presented the law of the case were fully covered by the court's main charge.

The judgment is affirmed.

*Affirmed.*